## MORANCY *v.* DUMESNIL et al.

A contract must be understood in that sense in which it will have some effect, rather than in that in which it can have none.

MORANCY
v.
DUMESNIL.

APPEAL from the District Court of Madison, *Selby*, J.   *Prentiss* and *Finney*, for the appellant.   *A. Pierse*, *Thomas* and *Snyder*, for the defendants. The judgment of the court was pronounced by

ROST, J.   'This is a petitory action.   The defendants do not set up title, but claim the possession of the land in controversy under a lease from a previous owner, which they allege the plaintiff has promised to execute.   There was judgment in their favor in the court below, and the plaintiff appealed.   *Morancy* sold a large tract of land to *Wall*, retaing a mortgage to secure the payment of the price.   *Wall* sold to *Parham*, who also retained a mortgage on the property.   *Parham*, while he was owner, made a lease to *Perry S. Kinnard*, of about seven acres front on the Mississippi river, stipulating for certain improvements, and for the payment, at the end of the lease, of one-half of the value of such other improvements as the lessee might think proper to make. The duration of the lease was fixed at twelve years.   The interest of the lessee in the lease was sold under execution, and was purchased by *John Kinnard*, under whom the defendants hold.

*Wall* and *Parham* having failed to pay the plaintiff, and *Kinnard* apprehending difficulties in case of a sale under his mortgage, the following agreement was entered into between them :   " I hereby agree not to disturb *John Kinnard* in the possession and enjoyment of the lot of ground and the house thereon, which lease he acquired from *William S. Parham*, as long as said lease continues, that is to say, a lease bearing date the 24th day of March, 1840, and which is to expire on the 24th March, 1852;   provided that the additional improvement made on a part of said lot by *T. M. Jackson*, and now in his occupancy, shall be considered as the property of said *T. M. Jackson*.   July 5th, 1844.   Milliken's Bend.                    (Signed)          H. P. MORANCY."

"And the above agreement is made by said *Morancy* of his free will, and without any compensation to him made by said *Kinnard*.

Witness, R. GARLAND.                    (Signed)          H. P. MORANCY."

This is a lawful contract, entered into for a consideration which is proved to be real, and which the plaintiff deemed sufficient at the time.   The ground taken by the plaintiff that, it must be construed as extending to, and affecting only, the rights and claims of the plaintiff then in existence, is not tenable.   As a mortgagee, the only way in which the plaintiff could disturb *Kinnard* in his possession, was by causing the land to be sold.   The large amount due him on it, made it certain that he would become the purchaser, and this agreement was intended to have effect after he resumed the title.   All contracts must be understood in the sense in which they have some effect, rather than in that in which they have none.   The construction contended for by the plaintiff would leave this agreement without any effect whatever.

The lease could be transferred, and the defendants may avail themselves of the contract entered into by the plaintiff.   There doing so is a sufficient acceptance of it.   It is alleged that *John Kinnard* violated the condition of this contract, by making to the defendant a lease of all the lot and improvements, without reserving the portion occupied by *T. M. Jackson*.   We do not thus understand the lease ;   and as it is proved that *Jackson* is in the undisturbed possession of the ground and improvements reserved to him, we are satisfied that this contract has been executed in good faith,                    *Judgment affirmed.*